UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:                                                          Case No. 18-05001-swd

Kellie Patrice Distefano,                                       Chapter 7
                                                                Filed: 12/03/2018
    Debtor.                                  Hon. Scott W. Dales

**DEBTOR'S REPLY BRIEF IN SUPPORT OF MOTION RE VIOLATION OF PERMANENT INJUNCTION**

This motion is primarily about Bridgcrest's violation of the discharge permanent injunction by sending Debtor a deficiency collection letter seeking payment of $8376.93 (Dkt. 40 page 11) on a pre-petition debt. Based on Bridgecrest response and brief it appears that the following are the undisputed facts:

- Debtor filed her petition on December 3, 2018.
- Bridgecrest was listed as a secured creditor in the schedules.
- Bridgecrest had notice of the bankruptcy and filed an appearance through present counsel.
- Bridgecrest took possession of the debtors' car without obtaining relief from stay.
- On August 12, 2019, prior to debtor receiving her discharge, Bridgecrest sent debtor a letter giving notice of intent to sell the car which included the statement that "If we get less money than you owe, you will still owe us the difference."
- The debtor received a discharge on August 23, 2019.
- Bridgecrest received notice directly of the discharge from this Bankruptcy Court, and through its counsel who had appeared and received notice via ECF.
- On August 30, 2019, Bridgecrest sent debtor a letter stating that the amount of her deficiency was $8376.93 and that "You remain liable to use for this deficiency, which you are required to pay in full upon receipt of this communication." (Dkt 40 page 11).

1

Bridgecrest argues it is excused from violating the discharge injunction because it had a disclaimer on its August 30 letter to debtor and cites the unpublished case of In Re Bell (Bankr ND NY 2014) in support a copy of the case was not attached to Bridgecrest's brief. As far as the undersigned counsel is aware no case in any Michigan Bankruptcy has addressed whether a disclaimer on a collection letter excuses a creditor from collecting on a pre-petition. Other courts have declined to adopt such a bright line ruling.

For example, in *Kirby v. 21st Mortg. Corp.,* 599 B.R. 427, 441 (B.A.P. 1st Cir. 2019), the Court discussed that a disclaimer cannot excuse a violation where there is also coercion i.e. a demand for payment:

> "The 'common factor' in cases where courts 'find a violation of either the automatic stay or the discharge injunction by a mortgagee for loan related correspondence' is 'a clear demand for payment of a pre[-]petition debt accompanied by coercion in the form of threatened action or some other consequence for nonpayment, or harassment to induce the debtor to pay.'" Elliott, 2017 U.S. Dist. LEXIS 131885, 2017 WL 10153593, at *5 (quoting In re Bell, No. 14-60510, 2014 Bankr. LEXIS 4717, 2014 WL 6913509, at *3 (Bankr. N.D.N.Y. Nov. 13, 2014)); see also In re Zotow, 432 B.R. at 258-59 (collecting cases). **When evidence of coercion or harassment is present, courts typically find that a bankruptcy disclaimer is ineffective to insulate the creditor from liability.** See, e.g., In re Youngkin, No. 12-08391-8-RDD, 2014 Bankr. LEXIS 765, 2014 WL 789117, at *6 (Bankr. E.D.N.C. Feb. 27, 2014) (concluding that **despite disclaimer, the mortgagee's monthly mortgage statement violated the discharge injunction because it was "nothing more than a cleverly disguised form meant to induce payment of funds** [from the debtor]"); Todt v. Ocwen Loan Servicing, LLC (In re Todt), 567 B.R. 667, 679 (Bankr. D.N.H. 2017) (stating that "**a pro forma bankruptcy disclaimer is not a 'get out of jail free' card that can absolve a creditor of liability for a pattern of conduct that is inconsistent with the terms of the disclaimer itself**"). Courts have also concluded, however, that communications do not violate the discharge injunction if they include an "unambiguous" **disclaimer** that the communication is not an attempt to collect in personam, but rather, only an attempt to assert the creditor's *in rem* rights against collateral. See In re Bell, 2014 Bankr. LEXIS 4717, 2014 WL 6913509, at *4 (stating that although mortgage statement indicated a total amount due, a due date, and the possibility of a late charge, it included "an unambiguous and conspicuously placed **disclaimer** in bold typeface" that expressly advised debtors that it was not an attempt to collect a debt against them personally but "strictly for information purposes only").

Bridgecrest's disclaimer does not state it is for informational purposes only and it cannot be for in rem purposes as it already took and sold debtor's car. So, the only reason to send it was to induce payment.

Bridgecrest makes the misleading statement that the August 30 was sent to the debtor because it was mandatory under Michigan state law, specifically MCL 440.9611 (Dkt 40 page 17). Bridgecrest appears to be ignoring the supremacy clause of the US Constitution and forgetting that Federal Bankruptcy law trumps the Michigan statute. Notably, Bridgecrest does not actually quote the language of the statute in its brief, had it done so it would have realized it does not apply:

> **440.9611 Notification <u>before</u> disposition of collateral.**
>   (1) As used in this section, "notification date" means the earlier of the date on which 1 of the following occurs:
>   (a) A secured party sends to the debtor and any secondary obligor an authenticated notification of disposition.
>   (b) The debtor and any secondary obligor waive the right to notification.
>   (2) Except as otherwise provided in subsection (4), a secured party that disposes of collateral under section 9610 shall send to the persons specified in subsection (3) a reasonable authenticated notification of disposition.
>   (3) To comply with subsection (2), the secured party shall send an authenticated notification of disposition to all of the following:
>   (a) The debtor.
>   (b) Any secondary obligor.

Reading the statute, it plainly is referring to a notice that must be sent BEFORE the secured party dispossesses of collateral i.e. the notice of our plan to sell property letter. Bridgecrest sent its notice of deficiency letter on August 30 after it had already sold the car.

Perhaps Bridgecrest meant to cite MCL 440.9616 which relates to notices of deficiency. However, a notice of deficiency letter is only necessary if the debtor is liable for a deficiency and the secured party intends to pursue the deficiency. The statute states in relevant part:

"Explanation of calculation of surplus or deficiency. (2) In a consumer-goods transaction in which the debtor is entitled to a surplus or **a consumer obligor is liable for a deficiency** under section 9615, the secured party shall do 1 or both of the following:"

The letter that Bridgecrest sent on August 30 was not mandatory, because the debtor in this case could not possibly be liable for a deficiency as she had received a discharge. Consequently, Bridgecrest cannot rely on state law to excuse its willful conduct.

Debtor has proven all elements of a discharge violation:

1) notice of discharge was conceded (Dtkt 49 page 17);

2) Bridgecrest clearly intended to send the debtor a letter as it sent it specifically to her, and it was not mandatory nor necessary as she could not be liable for a deficiency, yet it stated she owed Bridgecrest $8376.93 and that it was immediately due and payable,

3) The letter attempted to coerce payment. Sending a debtor who has been in bankruptcy for nearly a year, a letter demanding immediate payment of $8376.93 for a voluntarily surrendered vehicle . . . is harassing by any reasonable objective measure.

Respectfully submitted,

Attorney for Debtor Kellie Patrice Distefano

Date: October 16, 2019         By */s/ Scott Mancinelli*
                               Scott Mancinelli   (P60148)
                               430 E. 8th St.  Suite 204
                               Holland, MI 49423
                               616-930-4500    scott@smancinelli.com

4

UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: | Case No.  18-05001-swd |
| Kellie Patrice Distefano, | Chapter 7<br>Filed:  12/03/2018 |
| Debtor. | Hon. Scott W. Dales |

### CERTIFICATE OF SERVICE

I hereby certify that the Debtor's **Reply Brief on Motion for Violation of Permanent Injunction** and Certificate of Service was filed and served on all parties who have appeared in the case

by filing the paper(s) with the Clerk of the Court using the Electronic Case Files system which will send electronic notification of such filing to the above referenced party(ies) or their attorney(s), as well as any additional parties that requested electronic service of documents filed in this case, and/or by depositing the paper(s) for delivery by the United States Postal Service, via First Class United States Mail, with sufficient postage thereon.


Date:  October 16, 2019        By /s/Scott Mancinelli
                               Scott Mancinelli   (P60148)
                               Attorney for Debtor Kellie Distefano
                               430 E. 8th St.  Suite 204
                               Holland, MI 49423
                               616-930-4500
                               scott@smancinelli.com

5